UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

STEVEN C. DeARMITT,

        Petitioner,

        v.

MARK NOOTH,

        Respondent.

2:13-cv-00607-CL

REPORT AND RECOMMENDATION

CLARKE, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to two judgments, originally signed on August 23, 2006, from the Clackamas County Circuit Court Cases CR06-0623 and CR06-0624, after convictions on eleven indicted counts. Exhibit 101. Following a guilty plea in Case No. CR06-0623 and a bench trial in Case No. CR06-0624, petitioner was sentenced to 13 months of imprisonment on each of seven Identity Theft convictions, to be served consecutively - i.e. 91 months of imprisonment. Id.

Report and Recommendation - 1

Petitioner is also in the custody of the ODOC pursuant to a judgment dated May 16, 2011, from Marion County Circuit Court Case 11C-43145, after a conviction for Aggravated Identity Theft, but that conviction is not challenged in this proceeding.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 110 - 114.

Petitioner filed a petition for post-conviction relief, but the Marion County Circuit Court denied relief, Exhibits 131 - 133. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits 134 - 140.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging ten grounds for relief. Petition (#2) pages 6 - 9. Respondent moved to deny the petition on various grounds. Response (#30). In petitioner's Memorandum in Support (#43) petitioner withdraws "claims three through ten" and states that he " will be addressing only Grounds One and Two." Memorandum in Support (#43) p. 1.

Petitioner alleges:

**Ground One:** Ineffective assistance of counsel: Failure to File Motion to Suppress physical evidence obtained by means of an unlawful search. (6th and 14th Amendments)

**Ground Two:** Ineffective Assistance of Counsel: Failure to Object to Inadmissible hearsay testimony. (6th and 14th Amendments).

Petition (#2) p. 6.

Respondent argues that petitioner's ineffective

Report and Recommendation - 2

assistance of counsel claims (Grounds One and Two) should be denied because "the state-court decisions denying relief on them were neither 'contrary to,' nor an 'unreasonable application of,' the ineffective assistance of counsel standard outlined in Strickland v. Washington, 466 U.S. 668 (1984), which is what petitioner must prove to obtain relief on an ineffective assistance of counsel claim in this proceeding." Response to Petition (#30) p. 14.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the

Report and Recommendation - 3

"contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that:

> Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable.

Andrade, Id.

The Andrade Court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily objectively unreasonable even if it is clear error.

> It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court

Report and Recommendation - 4

>concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable.

Id.

Even incorrect state-court decisions must be given deference, unless they are contrary to or objectively unreasonable applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ("Federal habeas is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

Finally, under 28 U.S.C. § 2254(d)(2), "factual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam), quoting Lindh v. Murphey, 521 U.S. 320, 333 n 7 (1997).

"[I]t is past question that the rule set forth in

Report and Recommendation - 5

Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of

Report and Recommendation - 6

counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotation marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

The general nature of the Strickland test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

In Ground One, petitioner alleges that trial counsel was ineffective for failing to file a motion to suppress a notebook seized "by means of an unlawful search." Petition (#1) p. 6. Petitioner presented this claim to the post-conviction court which found that trial counsel was not

Report and Recommendation - 7

ineffective and that petitioner had not proved any of his claims by a preponderance of the evidence. Exhibit 132, pp. 4-5.

The defense strategy was to distance petitioner from the notebook which contained personal identifying information of the victims. Exhibit 107, pp. 21-22. If counsel had attempted to establish that petitioner had standing to challenge the search of the notebook, he would have had to argue that petitioner had an ownership or possessory interest in the notebook, which would have been contrary to the defense strategy.

Moreover, the notebook was found in Jessica Harden's backpack and counsel "did not feel that a motion to suppress the review of the notebook would be successful or supported by law" because "Jessica Harden gave Deputy Steinberg permission to search her bag." Exhibit 126, p. 6. Petitioner testified at his deposition that the backpack was "her" backpack, indicating that he did not view himself as having an interest in it. At his PCR trial petitioner testified that he had "no knowledge of the notebook that [Ms. Harden] had or the contents of it." Exhibit 125, p. 11.

Petitioner has not offered any clear and convincing evidence to rebut the PCR court's finding that Ms. Harden gave permission to law enforcement to search her backpack.

Therefore, that finding is entitled to a presumption of correctness absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(d)(2). The PCR court's finding that petitioner had no protected privacy interest that was violated by the search of and seizure of the backpack, is reasonable and supported by the evidence and is not contrary to nor an unreasonable application of clearly established Federal law. A motion to suppress the notebook would not have succeeded. See, United States v. Padilla, 508 U.S. 77, 81 (1993);[defendant can urge suppression of evidence only if he can demonstrate that his Fourth Amendment rights were violated by the challenged search]; see also, James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) [counsel not incompetent for failing to move to suppress where petitioner lacks standing to challenge the search].

I find that the PCR court's decision that counsel was not ineffective for failing to move to suppress the notebook is entitled to deference and is supported by the record.

In Ground Two, petitioner alleges that trial counsel was ineffective for failing to object to hearsay evidence concerning a photo of petitioner depositing the "Ketelson check." Petition (#1) p. 6.

In addressing this claim the PCR court found as follows:
> Trial counsel was not ineffective for failing to object on hearsay grounds to testimony regarding a

Report and Recommendation - 9

> photograph of petitioner depositing a check belonging to Craig Ketelson. **** [T]he evidence showed that petitioner was a primary part of the process by which that check was deposited into [his] account. Petitioner admitted filling out the deposit slip and the check was deposited into his account.

Exhibit 132, pp. 4-5.

Whether or not the evidence was properly admitted under the Oregon Evidence Code is a state court determination that is not reviewable by a federal court on habeas review. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991); <u>Lewis v Jeffers</u>, 497 U.S. 764, 780 (1990); <u>Mendez v. Small</u>, 298 F.3d 1154 (9th Cir. 2002).

Petitioner has not demonstrated that a hearsay objection to the reference to the photo would have been sustained. Even if the statement was not admissible to prove the matter asserted, it could have been admitted for a non-hearsay purpose, like showing why the bank had focused on petitioner as a suspect.

The record reflects that petitioner's trial counsel was not aware that the witness had not seen the photograph of the deposit. Exhibit 126, p. 2. However, even if the failure to object was deficient, petitioner has not demonstrated that he was prejudiced by the failure. As noted by the PCR court, there was sufficient other evidence to prove that petitioner deposited the check.

Report and Recommendation - 10

I find that the PCR court's findings regarding petitioner's claims in this proceeding are entitled to deference and supported by the record. Petitioner's Petition should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

////

////

### Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 3 day of ~~August~~ September, 2014.

Mark D. Clarke
United States Magistrate Judge

Report and Recommendation - 12